**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

LA BELLE DAIRY, LLC, )
)
Plaintiff, )
)
v. ) No. 2:25-CV-14 HEA
)
SHARPE HOLDINGS, INC., et al., )
)
Defendants. )

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court following remand by the Court of Appeals for the Eighth Circuit and the issuance of the formal mandate. Plaintiff moves to lift the stay in this case and for a Case Management Conference. Also pending before the Court is Defendants' Motion for Leave to File an Amended Counterclaim, which Plaintiff opposes. (ECF No. 79). For the reasons that follow, Plaintiff's motion to lift the stay will be granted, and Defendants' motion for leave to file an amended counterclaim will be denied. In addition, the parties will be required to submit a Joint Proposed Scheduling Plan.

## *I. Background*

This case arises from a dispute over property. La Belle Dairy, LLC ("La Belle") owns a dairy operation in La Belle, Missouri, which it bought from Sharpe Holdings in 2017, and it leases from the defendants approximately 6,100 acres of farmland that are adjacent to the dairy. A dispute has arisen between the parties as

to La Belle's rights to lease and purchase the approximately 6,100 acres of farmland from Sharpe Holdings. Plaintiff La Belle filed suit against Defendants Sharpe Holdings, Inc. (Sharpe Holdings") and Charles N. Sharpe, Jr. Foundation (Sharpe Foundation") (collectively "Defendants").

On January 24, 2025, La Belle filed suit against Defendant claiming breach of contract. On March 12, 2025, La Belle filed a Motion for Temporary Restraining Order ('TRO") and Preliminary Injunction. (ECF No. 7). La Belle sought an injunction prohibiting Defendants from evicting La Belle from 4,890 acres of land in Lewis and Knox Counties owned by Defendants and leased to La Belle under a lease agreement as amended and executed by the parties in 2020.

Defendants opposed the motion for TRO, and on March 24, 2025, the Court held a hearing and heard oral argument. After considering the parties' argument and the record in the case, the Court granted La Belle's Motion for a TRO. On April 22, 2025, Defendants filed an interlocutory appeal. They appealed the Court's Order Granting Temporary Restraining Order dated March 25, 2025, which they argued was effectively a preliminary injunction. While the interlocutory appeal was pending, the parties agreed to proceed with pretrial discovery in this case.

On June 11, 2025, the Court issued a Case Management Order ("CMO") based on the parties' Joint Scheduling Plan. Under the terms of the CMO, any amendment of pleadings was to be filed no later than July 21, 2025. (ECF No. 74).

On June 12, 2025, La Belle filed a motion for leave to file an amended complaint, which the Court granted on August 12, 2025. Defendants moved for an extension of time to respond to the Amended Complaint, which the Court granted, and on September 5, 2025, Defendants filed an Answer to the Amended Complaint and Counterclaims for Trespass (Count I), Breach of Contract (Count II), Breach of Implied Duty of Good Faith and Fair Dealings (Count III), and for Declaratory Judgment (Count IV). On September 26, 2025, La Belle answered Defendants' counterclaims.

On December 23, 2025, the parties filed a Joint Motion to Amend the Case Management Order. In their motion, the parties did not request an extension of the deadline to amend the pleadings. (ECF No. 73). On December 30, 2025, the Court granted the parties' motion and issued an Amended CMO. The Court extended a number of the deadlines in the case, including the expert disclosure deadlines, but the deadline to amend the pleadings remained the same.

Defendants filed their Motion for Leave to File an Amended Counterclaim on February 11, 2026. Defendants seek leave to add an unjust enrichment counterclaim against La Belle based on its allegedly unauthorized extraction of water from Masion Lake. Defendants concede in their Motion that the unjust enrichment counterclaim is not based on newly discovered evidence.

Plaintiff opposes Defendants' motion. La Belle argues that the motion for leave to amend is untimely, and it would be prejudiced if Defendants were allowed

to amend at this juncture in the proceedings. La Belle contends that the proposed amendment introduces a new valuation-based damages theory, which would require expert testimony. It also argues that the motion should be denied because the amendment would be futile.

On March 27, 2026, the parties again moved to amend the CMO. They asked that the Court extend the expert rebuttal deadlines and the dispositive motion and *Daubert* motion deadlines. Again, the parties did not ask that the Court extend the deadline to amend the pleadings.

In an Order dated April 23, 2026, the Court noted that the interlocutory appeal was still pending before the Eighth Circuit, and although the parties had agreed to proceed with pretrial discovery while the interlocutory appeal was pending, a ruling by the Eighth Circuit might impact dispositive legal issues that would be relevant to summary judgment. The dispositive motion deadlines were quickly approaching under the operative CMO, therefore, in its discretion, the Court denied the parties' motion to amend the CMO, and in the interest of judicial economy, the Court vacated the October 5, 2026 trial setting and entered a stay pending the issuance of a mandate by Eighth Circuit.

On July 23, 2026, the Eighth Circuit affirmed the Court's entry of the TRO, which it construed to be a preliminary injunction order, and on August 13, 2026, the Mandate was issued.

## *II. Discussion*

Defendants seek to amend their counterclaims after the deadline to amend has passed. In most instances when a party seeks leave to amend a pleading after the deadline in the applicable case management order has passed, as here, Federal Rule of Civil Procedure 16(b)'s good-cause standard applies, not the "when justice so requires" standard of Rule 15(a). *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008); *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). The Eighth Circuit has explained the distinction between the two rules:

> Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend pleadings and generally supports the liberal granting of such motions "when justice so requires." Rule 16(b), however, provides that scheduling orders limit the time for amending pleadings and that a schedule established by such an order "shall not be modified except upon a showing of good cause."

*Schenk v. Chavis*, 259 F. App'x 905, 907 (8th Cir. 2008).

"The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006). *See also Albright v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019). Prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor. *Sherman*, 532 F.3d at 717.

In their Motion, which Defendants filed pursuant to Rule 15, Defendants assert that the new proposed counterclaim for unjust enrichment "is premised on the

same underlying events and allegations asserted in the Counterclaim in connection with the Mansion Lake trespass. *No new factual allegations are asserted against La Belle*." (ECF No. 79 at 1) (emphasis added). And in their reply memorandum, Defendants reiterate that "[their] proposed unjust enrichment claim is premised on the same facts and circumstances that have been previously alleged by Defendants in the existing counterclaim." (ECF No. 96 at 1). But in the same reply memorandum, after acknowledging Rule 16 applies and that "[g]ood cause may be demonstrated where the proposed amendment is based on a change in circumstance, law, or newly discovered facts," Defendants change course and state the following:

> While in the process of conducting discovery, Defendants became aware of facts and circumstances that would allow them to refine their counterclaim and seek relief premised on a theory of unjust enrichment. Defendants proposed amendment merely adds an additional legal theory arising from the additional facts gleaned during discovery.

(*Id.* at 2-3).

Not only does this contradict Defendants' prior representations – some of which were made in the same memorandum – that the proposed counterclaim is not based on new factual allegations, but Defendants fail to identify *any* new evidence that they uncovered during discovery that justifies the amendment.

The Court finds Defendants have not shown that they exercised diligence in bringing the new counterclaim – in fact, they have offered no viable excuse for their delay – and as such, they fail to establish there is good cause for the amendment. *Trim Fit, LLC v. Dickey*, 607 F.3d 528, 531-32 (8th Cir. 2010). *See also Barstad v.*

*Murray County,* 420 F.3d 880, 883 (8th Cir. 2005) (affirming denial of leave to amend under Rule 16(b) because movant had eight months to request an amendment of the scheduling order and "knew of the claims they sought to add when they filed the[ir] original [pleading]").

The Court also finds that the amendment would unduly prejudice La Belle. Plaintiff argues that unjust enrichment is unlike Defendants' other counterclaims, and damages would be calculated based on the reasonable value of the benefit Plaintiff allegedly incurred without paying for its value. In other words, it argues adding an unjust enrichment claim "would belatedly introduce a new and distinct damages inquiry." (ECF No. 86 at 7). Plaintiff further contends that the value of the water Defendants allege Plaintiff extracted without authorization could not be determined through lay testimony and would need to be established with expert testimony.

Plaintiff asserts, and the Court agrees, that adding the new counterclaim would require additional discovery, and it would impose substantial costs on the parties, including the cost of more expert witnesses. The parties have engaged in extensive discovery, including disclosing and taking their experts' depositions. While the parties previously sought to amend the CMO, they did not seek to amend the expert disclosure deadlines generally, but rather the parties sought to extend the deadline for rebuttal experts only. Allowing Defendants to proceed with their proposed counterclaim would require an appreciable expansion of discovery, especially as it

relates to damages. It is likely that the parties would need to locate, prepare, and disclose additional expert witnesses. These would not be rebuttal expert witnesses. The Court finds that reopening discovery and expanding expert witness disclosures beyond rebuttal experts weighs against the amendment. *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) (approving denial of leave to amend when the amendments would require the parties to engage in additional discovery).

## ***III. Conclusion***

In sum, the Court will not allow Defendants to amend their counterclaims. The Court finds Defendants have failed to establish that they exercised due diligence in bringing their motion for leave to amend, and in addition, Plaintiff has shown that it is likely to suffer prejudice if the amendment is allowed – namely, that the parties would be required to engage in additional and costly discovery. Finding there is no good cause for the amendment, the Court need not address Plaintiff's futility arguments. Defendants' Motion for Leave to File an Amended Counterclaim is denied.

Finally, the Court lifts the stay in this case, and the parties shall be required to file a Joint Proposed Scheduling Plan. The Court will issue a Second Amended Case Management Order once the parties have submitted their Joint Proposed Scheduling Plan.

Accordingly,

**IT IS HEREBY ORDERED** that the stay in this matter is **LIFTED.**

**IT IS FURTHER ORDERED** that Defendants Charles N. Sharpe, Jr. Foundation and Sharpe Holdings, Inc.'s Motion for Leave to File an Amended Counterclaim is **DENIED**. [ECF No. 79]

**IT IS FURTHER ORDERED** that on or before **August 31, 2026**, the parties shall file with the Court a Joint Proposed Scheduling Plan. The Joint Proposed Scheduling Plan shall include the following:

(1) the dates by which each party shall disclose its rebuttal expert witnesses and reports, and the dates by which each party shall make its rebuttal expert witnesses available for deposition;

(2) a date by which all discovery will be completed;

(3) any other matters pertinent to the completion of discovery in this case;

(4) the parties' positions concerning a second referral of the action to mediation;

(5) dates for filing any motions to dismiss or motions for summary judgment;

(6) the earliest date by which this case should reasonably be expected to be ready for trial;

(7) an estimate of the length of time expected to try the case to verdict; and

(8) any other matters counsel deem appropriate for inclusion in the Joint Scheduling Plan.

Dated this 14th day of August, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE